**FRALIN AND WALDRON, INC.,**
**Appellant,**
v.
**CITY OF MARTINSVILLE, VIRGINIA et al., Appellees.**
No. 73–1766.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 8, 1973.

Decided Feb. 25, 1974.

---

Jackson L. Kiser, Martinsville, Va., for appellant.

Joseph M. Winston Jr., Danville, Va., and Robert P. Vines and David B. Worthy, Martinsville, Va., of counsel, for appellees.

Before CLARK, Associate Justice,* and CRAVEN and WIDENER, Circuit Judges.

Mr. Justice CLARK:

In this interlocutory appeal Fralin and Waldron, Inc. complains of the decision of the District Court to abstain from deciding appellant's action for declaratory judgment, injunctive relief and damages against the City of Martinsville, Virginia, and its agencies and officials for their refusal either to grant appellant a special use permit or to approve its subdivision plan permitting appellant to build a 120 unit apartment complex, a project qualifying for mortgage insurance under Section 236 of the Housing and Urban Development Act of 1968. 12 U.S.C. § 1707 et seq. The detailed facts of this case, as well as the controlling law, are ably discussed in the opinion of the learned trial judge, and we agree with it entirely.

Appellant contends, *inter alia,* that Section VIII, Appendix B of the Martinsville City Code is unconstitutional on grounds of vagueness and that this section has been arbitrarily and discriminatorily applied against it. All of its claims raise legitimate questions involving municipal zoning ordinances, the correct construction of local land use law as to special use permits, and the delineation of the proper scope and exercise of local administrative discretion. Understandably, the courts of Virginia have extensive familiarity and experience with such matters, and we believe that they should have the initial opportunity to pass upon them. A state adjudication

---

* Supreme Court of the United States, retired, sitting by designation.

may well avoid the necessity of a decision on the federal constitutional question presented as well as avoid needless friction in federal-state relations over the administration of purely state affairs. We conclude that the requisite special circumstances warranting abstention are present here and that the case is controlled by Louisiana Power and Light Company v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). Also see Zwickler v. Koota, 389 U.S. 241, 248, 249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1971); Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 (1942); Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); Blasecki v. City of Durham. North Carolina, 456 F.2d 87, 93 (4th Cir. 1972); AFA Distributing Co., Inc. v. Pearl Brewing Co., 470 F.2d 1210, 1212, 1213 (4th Cir. 1973).

■ Appellant insists that relief in the courts of Virginia is precluded by § 15.1–497 of the Code of Virginia; we think not. We believe that in light of pertinent sections in Chapters 21, 25 and 28 of Title 8 of the Virginia Code, full redress is available in Virginia's courts. Moreover, it is clear that should the state courts hold against appellant on the questions of local law, it may nevertheless return to the federal court for an adjudication of its federal contentions if it preserves its right to do so. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 419–422, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

■ Assuming, *arguendo*, that Virginia's courts do not accept jurisdiction of appellant's cause, the District Court has properly retained its jurisdiction. American Trial Lawyers v. N. J. Supreme Court, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973). If the state courts decline to hear the case, it will be soon enough to return to the federal court for disposition on the merits.

Affirmed.