**CALEB STOWE ASSOCIATES, LTD., United Virginia Bank, Appellants,**

v.

**COUNTY OF ALBEMARLE, VA., The Board of Supervisors of Albemarle Co., Robert E. Vaughn, Appellees.**

No. 82–1482.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1983.

Decided Jan. 11, 1984.

G.H. Gromel, Jr., Richmond, Va. (Robert P. Buford, Gordon F. Rainey, Jr., Hunton & Wiliams, Fred S. Landess, McGuire, Woods & Battle, Richmond, Va., on brief), for appellants.

George R. St. John, Charlottesville, Va., for appellees.

Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge:

This is an action brought against the County of Albemarle, Virginia, the Board of Supervisors of the County of Albemarle, and Robert Vaughn, the county Zoning Administrator, alleging that the Board's refusal to approve a site plan for the development of a parcel of land in Albemarle County violated state and local law, and various federal rights of the plaintiffs. Specifically, the plaintiffs, which are the proposed developers of the land, allege that the Board of Supervisors on the undisputed facts before it was required to approve the site plan, and that the disapproval was erroneous under state law. " . . . [T]he very narrow inquiry to determine the lawfulness of the Board's denial of the Site Plan is whether the sewerage facilities contemplated by the Site Plan are 'substantially in accord' with the Comprehensive Plan's recommended location for such sewerage facilities," the plaintiffs phrase the question in their brief. The plaintiffs further contend a county zoning ordinance controls the comprehensive plan as a matter of state law.

Reduced to its essence, the action of the Board is complained of because it either failed or refused to follow, or misconstrued, matters of purely state land use law. Plaintiffs admit they have received all the procedural due process to which they are entitled.

From the Board's denial of approval of the site plan, the plaintiffs frame their federal claims brought under 42 U.S.C. § 1983, alleging that "the Board's disapproval constituted a taking without just compensation, denial of equal protection and a denial of due process in violation of . . . the Fifth and Fourteenth Amendments to the United States Constitution." Federal jurisdiction over the federal and pendent state claims was claimed under 28 U.S.C. §§ 1331 and 1343, and the case was tried before the district court sitting without a jury. The district court held that the Board's action was proper and within its authority, and the plaintiffs appeal.

■ The facts and procedural history of this case are thoroughly discussed by the district court, and therefore it is unnecessary for us to repeat them. It is sufficient for our purposes to note that all of the plaintiffs' state and federal claims necessarily depend upon the construction of state land use law concerning the scope of authority of local planning bodies and Boards of Supervisors, the proper interpretation of state and local land use law and county zoning practices and procedure. Consequently, we conclude that our holding in *Fralin & Waldron, Inc. v. City of Martinsville,* 493 F.2d 481 (4th Cir.1974), controls and requires abstention in this case. Our reasoning in *Fralin* applies as well here:

All of [the plaintiffs'] claims raise legitimate questions involving municipal zoning ordinances. The correct construction of local land use law . . . , and the delineation of the proper scope and exercise of local administrative discretion. Understandably, the courts of Virginia have extensive familiarity and experience with such matters, and we believe that they should have the initial opportunity to pass upon them. A state adjudication may well avoid the necessity of a decision on the federal constitutional question[s] presented as well as avoid needless friction in federal-state relations over the administration of purely state affairs.

493 F.2d 482–83. Moreover, as we have previously held, the parties' failure to urge abstention on appeal does not prevent us from applying it at our own instance. *AFA Distributing Co. v. Pearl Brewing Co.,* 470 F.2d 1210, 1213 (4th Cir.1973).

■ Although neither the plaintiffs nor the defendants contend that the case cannot be fully disposed of in Virginia state courts, we think it is appropriate for the district court to retain jurisdiction over the case "should anything prevent a prompt state court determination." *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 31, 79 S.Ct. 1070, 1074, 3 L.Ed.2d 1058 (1959); *Fralin & Waldron, Inc. v. City of Martinsville,* 493 F.2d at 483. In addition, the plaintiffs may wish to preserve their right to have their federal claims decided in federal court in the event of an adverse

state court determination on questions of state and local law. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 419–422, 84 S.Ct. 461, 466–468, 11 L.Ed.2d 440 (1964).

VACATED AND REMANDED WITH INSTRUCTIONS.

SPROUSE, Circuit Judge:

I cannot agree fully with the majority opinion. I would simply affirm on the reasoning expressed in the decision of the district court.