BROWNING–FERRIS, INC.

v.

BALTIMORE COUNTY, MARYLAND.

Civ. No. Y–84–2139.

United States District Court,
D. Maryland.

Oct. 11, 1984.

John Henry Lewin, Jr., and Benson Everett Legg, Baltimore, Md., for plaintiff.

Malcolm F. Spicer, Jr., H. Edgar Lentz, and John A. Austin, Towson, Md., for defendants Baltimore County, Donald P. Hutchinson and Ted Zaleski, Jr.

Eleanor M. Carey, Evelyn O. Cannon, and Michael C. Powell, Baltimore, Md., for defendants Dept. of Health and Mental Hygiene, Governor Harry R. Hughes, William Eichbaum, Ronald Nelson, and Secretary Adele H. Wizack.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff, Browning-Ferris, Inc. ("BFI") has sued various State and County defendants, alleging constitutional violations stemming from the denial of state and county permits necessary to operate the Norris Farm sanitary landfill. Various state defendants have filed motions urging this Court to abstain, claiming that the issues presented here would be more properly resolved through State administrative and judicial proceedings. The Court conducted a hearing on the abstention issue on Friday, August 17, 1984. At the conclusion of that hearing, the Court indicated its intention to abstain. That intention is reflected herein. For the following reasons this Court will abstain from any action in this case.

The Court has considered the abstention issue carefully and has decided that the abstention principle announced in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is applicable under the facts of this case. *Burford* abstention is appropriate where, as here, there is a "complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded." *Aluminum Co. v. Utilities Commission*, 713 F.2d 1024 (4th Cir.1983) (applying *Burford* abstention in case involving state utilities regulation).

The issues here are sensitive issues of state land use and land policy which should not be decided by a federal court. Land use policy is a peculiarly local concern, and the federal courts have exercised "an abiding deference to the state courts in the area of land use policy." *Kent Island Joint Venture v. Smith*, 452 F.Supp. 455, 462 (D.Md.1978). The operation of sanitary landfills and other solid waste disposal units is heavily regulated by the State of Maryland and the counties in which the sites are located, and the issues surrounding the operation of those sites are very sensitive, politically and otherwise. "A land use decision 'clearly involves matters entirely within the realm of state and local governments with which they are singularly familiar, and there are few local issues more sensitive.'" *Kent Island Joint Venture* at 462, quoting *Planned Parenthood of Maryland v. Mayor and Aldermen of the City of Annapolis*, Civil No. N–78–501 (D.Md. April 7, 1978), Slip Op. at 5. Any decision on the plaintiff's state and federal claims would "necessarily depend upon the construction of state land use law concerning the proper scope of authority of local planning bodies and Boards of Supervisors, the proper interpretation of state and local land use law and county zoning practices and procedures," thus making abstention appropriate. *Caleb Stowe Associates, Ltd. v. County of Albemarle*, 724 F.2d 1079, 1080 (4th Cir.1984). The courts of Maryland and the administrative forum provided for resolving state solid waste disposal disputes "have extensive familiarity and experience with such matters, and we believe that they should have the first opportunity to pass upon them. A state adjudication may well avoid the necessity of a decision on the federal constitutional question presented as well as avoid needless friction in federal-state relations over the adminis-

tration of purely state affairs." *Fralin and Waldron, Inc. v. City of Martinsville*, 493 F.2d 481 (4th Cir.1974).

Considering all these factors, the Court is convinced that the rationale of *Burford* abstention clearly applies. This case involves both a complex regulatory scheme and predominantly local factors. The issue to be resolved concerns the ability of the state to make certain actions by the landfill operator, including the execution of a contract of sale, a condition of the renewal of a permit, and whether the state is obligated to renew a permit automatically. The state regulations concerning the issuance and renewal of permits for landfills and other solid waste disposal sites are long and complicated, consisting of eighteen pages of specific factors and requirements to be considered. The state provides both an administrative process to resolve disputes and adequate judicial review of administrative decisions. Finally, any federal court intervention in this issue could be highly disruptive to the state's regulatory scheme.

In a recent case urging abstention in land use cases, it was stated that the "basic principle behind both *Pullman* [*Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)] and *Burford* abstention is that the federal courts should exercise discretion in the use of their equitable powers, particularly when asked to enjoin state officials in their official duties." *Ad+Soil Services, Inc. v. Board of County Commissioners of Queen Anne's County*, 596 F.Supp. 1139 (D.Md.1984). This Court, in exercising that discretion will abstain from any action in this case. As is consistent with abstention under the *Burford* rationale, the case will be dismissed without prejudice.

### ADDENDUM

The Court is aware of the Motion to Reconsider filed by the plaintiff. BFI contends that a ruling by the Hearing Officer to exclude certain issues and evidence from consideration in the administrative procedure, will deny it an adequate opportunity to present its case. BFI also contends that as a result of the ruling to exclude evidence on certain issues, specifically on the issue of whether it complied with state environmental regulations, "no land use, environmental, or other complex issues of local concern will be adjudicated at the administrative hearing."

The administrative decision to exclude issues and evidence does not change this Court's opinion that the issues to be decided concerning the proper or improper denial of a permit are issues of state land use policy and are most effectively decided in a state administrative forum. Complex regulatory issues do remain. It is precisely because of the complexity of the state and county regulations that the Hearing Officer is the most appropriate person to decide what evidence is relevant to the decision on whether the denial was improper. In applying the regulations concerning the renewal of permits to the facts of this case, the Hearing Officer may very well determine that some evidence proposed by BFI does not bear on whether the State's action was justified. That determination will be consistent with the complex regulatory scheme which the Hearing Officer must apply.

The motion to reconsider is denied.