BROWNING–FERRIS, INC., Appellant,

v.

BALTIMORE COUNTY, MARYLAND, a body corporate and politic Department of Health and Mental Hygiene, Harry R. Hughes, Governor, State of Maryland, Donald P. Hutchison, Baltimore County Executive, William M. Eichbaum, Assistant Secretary for Environmental Programs, Department of Health and Mental Hygiene, Ronald Nelson, Director, Waste Management Administration, Adele H. Wilzack, Secretary of Health and Mental Hygiene, Ted Zaleski, Jr., Director, Baltimore County Department of Permits and Licenses, Appellees.

No. 84–2243.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1985.

Decided Sept. 27, 1985.

Elizabeth Honeywell, Baltimore, Md. (John Henry Lewin, Jr., Benson Everett Legg, Venable, Baetjer & Howard, Baltimore, Md., on brief), for appellant.

Michael C. Powell, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen., Eleanor M. Carey, Deputy Atty. Gen., Evelyn O. Cannon, Asst. Atty. Gen., Baltimore, Md., Malcolm F. Spicer, Jr., Co. Atty., John A. Austin, Asst. Co. Atty., Towson, Md., on brief), for appellees.

Before MURNAGHAN, ERVIN and SNEEDEN, Circuit Judges.

SNEEDEN, Circuit Judge:

Browning-Ferris, Inc. (BFI), the owner and operator of the Norris Farm Sanitary Landfill in Baltimore County, Maryland, filed an action in federal court against state and county officials and alleged that the defendants had arbitrarily and capriciously refused to renew BFI's refuse disposal permit for the Norris Farm Landfill. BFI alleged that the defendants were motivated by improper political or personal motives and singled out BFI for adverse treatment during the permit renewal process.

BFI sought relief under 42 U.S.C. § 1983 and also pleaded various pendent state law claims. The district court applied the doctrine of abstention, as announced in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and refused to hear the case and dismissed BFI's complaint without prejudice. *See Browning Ferris v. Baltimore City*, 595 F.Supp. 851, 853 (D.Md.1984). We affirm the district court's decision to abstain.

## I.

The Maryland Department of Health and Mental Hygiene (DHMH) initiated an administrative proceeding against BFI by issuing a complaint and order denying the Norris Farm Landfill application for renewal of a permit and ordering that the facility be closed. The complaint was issued on May 21, 1984. At that time, the district court denied BFI's motion for a temporary restraining order. On October 11, 1984, BFI's action was dismissed on abstention grounds before the defendants filed an answer. Under the circumstances, no findings of fact or conclusions of law were made as to the merits of the § 1983 claims.

BFI had been operating the Norris Farm Landfill since March 1981 in accordance with a state refuse disposal permit that authorized a landfill elevation of approximately 55 feet. Residents in the nearby community of Dundalk opposed the continued operation of the landfill.

BFI, the State of Maryland, and Baltimore County allegedly entered into an agreement, dated June 11, 1981.[1] Under the agreement, BFI was granted a permit for the operation of the Norris Farm Landfill. The State maintains that BFI violated the terms of the agreement and that BFI was not entitled to have the permit renewed because it had violated conditions in the existing permit. Under the agreement, which consists of a series of letters, DHMH agreed to issue a State refuse disposal permit allowing an increased landfill capacity for the Norris Farm Landfill. BFI alleges that the State promised to renew the permit automatically when the three-year term of the permit expired, unless there were grounds to deny the permit or the landfill had reached capacity. The State alleges that the permit was conditioned upon BFI's performing several obligations, including a duty to execute a contract of sale to Baltimore County for the landfill property and an agreement to close the landfill by July 24, 1984. BFI alleges that the land title transfer was scheduled to occur either when the landfill reached capacity or four years later, whichever came first. BFI claims that Baltimore County promised to provide a minimum amount of residential trash at volumes and rates that were mutually agreed to by the County and BFI.

BFI applied for a permit renewal at the end of the three-year period, and DHMH determined that BFI was not entitled to renew the permit because it had violated a condition of the existing permit. DHMH claimed that BFI failed to offer the County a contract of sale for the property. BFI claims that it will honor the 1981 agreement by closing the landfill when it reaches capacity. BFI alleges that the County has not delivered a substantial amount of trash to the landfill and that for this reason the landfill has not reached capacity and therefore has not been closed.

BFI characterizes the suit as a contract dispute about the terms of the agreement and argues that the application of Maryland environmental laws governing land use permits is not necessary. The State issued a complaint against BFI, charging that it violated the state permit and the terms in the attached agreement. The State's order denying the permit renewal was issued on May 21, 1984, and BFI filed an administrative appeal to prevent the order from becoming final. After an admin-

---

1. The facts surrounding the terms of the agreement are disputed, and we express no view as to the merits of BFI's constitutional claim, especially in light of the fact that there are ongoing state administrative proceedings in which the parties are litigating about the terms of the agreement.

istrative hearing before a DHMH hearing officer was held, the hearing officer recommended that the renewal permit for BFI be denied and that BFI be asked to submit a plan to DHMH in which the manner in which the landfill would be closed would be described. BFI filed exceptions to the hearing officer's decision, but on appeal to the Secretary of DHMH, the Secretary held that the renewal of the Norris Farm refuse permit was properly denied. BFI may appeal this decision to the Board of Review and eventually to a Maryland state court.[2]

## II.

The issue presented in this case is whether the district court correctly invoked the doctrine of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1945), and dismissed BFI's claim in light of the pending state administrative proceedings that had been initiated by the State in order to deny BFI a permit for the Norris Farm Landfill.[3] In *Burford*, the Supreme Court held that a federal court could abstain from deciding the issue of whether or not a Texas state commission's oil field proration order interfered with a separate federal regulatory scheme or if the order unreasonably burdened interstate commerce. *Id.* at 332–34, 63 S.Ct. at 1106–07. The purpose of *Burford* abstention is to prevent a federal court from interfering with a "complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded." *Aluminum Co. v. Utilities Commission of North Carolina*, 713 F.2d 1024 (4th Cir. 1983), *cert. denied*, — U.S. —, 104 S.Ct. 1326, 79 L.Ed.2d 722 (1984).

BFI argues that this case involves a pure question of contract law and that the district court will not have to decide complex and technical questions concerning how a landfill dump may be operated. BFI argues that no statewide regulatory scheme governing landfill operations is involved and that no specialized state courts have the power to decide questions concerning a landfill operator's ability to comply with applicable environmental and health regulations. The Maryland statutes and regulations, however, contain a comprehensive regulatory scheme governing the operation of landfills and the statute reflects a state legislative policy of closely monitoring landfill operations. *See* Md.Health Environ.Code Ann. § 9–210 *et seq.* (1984); Md. Admin.Code Tit. 9. As the district court noted, the state regulations governing landfill operations are lengthy and detailed and involve complex scientific questions that must be reviewed before a permit for a waste disposal facility is approved. The *Burford* requirement that a complex state regulatory scheme be involved in order for a district court to abstain is sufficiently present in this case.

Additionally, land use questions, especially those that involve the regulation of trash dumps, are the peculiar concern of local and state governments, and traditionally, federal courts have not interfered with state courts in the area of land use policy. *See Caleb Stowe Associates v. County of Albemarle*, 724 F.2d 1079, 1080 (4th Cir.1984). *Accord ADA–Cascade Watch Co. v. Cascade Resource Recovery*, 720 F.2d 897 (6th Cir.1983) (*Burford* abstention approved where state had permit system governing operation of waste facilities). The sole issue in the ongoing state proceedings is whether BFI violated the terms of its landfill permit. If a federal court heard this case now, it would eventually be required to decide if BFI was eligible for a permit; and, if BFI was eligible, the court would have to order the state

---

**2.** See Md.Health Code Ann. § 2–207 (1982); Md. State Gov. Article § 10–215 (1984) (providing for judicial review of administrative decisions).

**3.** The parties have addressed the issue of whether *Pullman* abstention or *Younger* abstention would apply to this case. See *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In light of our decision to affirm on the grounds that *Burford* abstention was proper, we do not address the parties' other arguments on appeal.

to issue the permit and allow the landfill to operate. Requirements for the continued operation of the landfill, including the type of waste to be transported, the times of operation, and the need for environmental controls, would have to be decided by the district court. Despite BFI's attempt to characterize this suit as a mere contract case, the federal court of necessity would become involved in the complexities of state land use control.

BFI argues that no specialized state court hears appeals concerning landfill permit decisions and that an appeal in this case will be heard by a Maryland state court having general jurisdiction. BFI argues that this Court held in *Education Services v. Maryland State Board of Higher Education*, 710 F.2d 170 (4th Cir. 1983), that for *Burford* abstention to apply there must be a specialized court that is part of an integral state regulatory scheme. We, however, find that a final appeal to a central administrative court with special expertise and jurisdiction to decide only certain kinds of cases is not an absolute prerequisite for the application of *Burford* abstention. *See, e.g., Alabama Public Service Commission v. Southern Railway*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Aluminum Co. v. Utilities Commission of State of North Carolina*, 713 F.2d 1024 (4th Cir.1983).

In this case, we have an ongoing state administrative process in which BFI has presented evidence at two DHMH hearings and under which BFI may later appeal to a Maryland State court. These proceedings were initiated before BFI filed this action in federal court, and throughout the state administrative proceedings, BFI will have the opportunity for adequate and fair administrative review. We find that the district court was correct in applying abstention to avoid interfering with these ongoing state proceedings.

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.