**NORTHERN VIRGINIA LAW SCHOOL, INC., Plaintiff,**

v.

**CITY OF ALEXANDRIA, et al., Defendants.**

**Civ. A. No. 87–0953–A.**

United States District Court, E.D. Virginia, Alexandria Division.

March 1, 1988.

Alfred Avins, Alexandria, Va., for plaintiff.

Philip G. Sunderland, Ignacio Britto Pessoa, Office of the City Attorney, Alexandria, Va., for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 action against the City of Alexandria and members of Alexandria's City Council for an alleged taking of private property without just compensation in violation of the Fifth Amendment to the United States Constitution. The principal issues presented are whether plaintiff's Complaint should be dismissed for failure to seek compensation for the alleged taking under available state procedures and whether abstention is appropriate under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). An additional question is whether plaintiff's counsel should be exempted from Local Rule 7(D), E.D. Va., which requires nonresident attorneys to associate local counsel, on the ground that the rule is invalid after *Frazier v. Heebe*, —— U.S. ——, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987).[1] For the reasons stated in this opinion, the Court dismisses plaintiff's Complaint and declines to invalidate Local Rule 7(D).

## II. BACKGROUND

Plaintiff Northern Virginia Law School (NVSL) complains that Alexandria's zoning ordinances have rendered it impossible for NVLS to make any use of a parcel of land, 4103 Duke Street, which it owns. Allegedly, the property is valueless because, although zoned residential, it has no access to any street. Further, there is no public easement to 4103 Duke Street. The east side of the parcel adjoins a lot known as 4105 Duke Street, also owned by plaintiff. Currently the law school building and a parking lot are situated on 4105 Duke Street, which is zoned commercial.

---

1. Plaintiff also seeks to amend its Complaint under Rule 15(a), Fed.R.Civ.P. Because the Court dismisses the Complaint, this motion becomes moot.

According to the Complaint, in October, 1986, plaintiff applied to the City Council for a rezoning of 4103 Duke Street from residential to commercial. Defendants denied this request in December, 1986. Citing *First English Evangelical Lutheran Church v. County of Los Angeles*, —— U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), plaintiff claims that defendants, by denying NVSL's rezoning request, have taken its property for a private purpose without compensation, in violation of the Fifth Amendment. Plaintiff seeks damages for lost rental income and expenses, as well as an injunction relieving it from tax and maintenance obligations during the period in which no use can be made of the property.

## III. ANALYSIS

### A. *Defendants' Motion to Dismiss*

Defendants move to dismiss the Complaint primarily on two grounds.[2] First, defendants argue that the case is not ripe because plaintiff has not attempted to obtain compensation under a Virginia statute which allows payment for damage to a person's property. Va.Code § 8.01–187. Second, defendants urge the Court to abstain from ruling on the federal constitutional issue presented in the Complaint, given the state's interest in land use policy and the determinative and novel issues of state law involved in this case. The Court dismisses the Complaint on both grounds.

■ Recent and controlling Supreme Court authority is dispositive on the first ground for dismissal. In *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Court held that a taking claim is not ripe until the complainant has sought compensation through state procedures provided for that purpose. *Id.* at 194, 105 S.Ct. at 3121. According to the Court, "[B]ecause the Constitution does not require pretaking compensation, and is instead satisfied by a

reasonable and adequate provision for obtaining compensation after the taking, the State's action ... is not 'complete' until the State fails to provide adequate compensation for the taking." *Id.* at 195, 105 S.Ct. at 3121–22. The Court, in a case governed by Tennessee law, cited a Tennessee statutory inverse condemnation provision which property owners may use when government entities take possession of land without instituting eminent domain proceedings. *Id.* at 196, 105 S.Ct. at 3122. Because the property owner there had not used the inverse condemnation procedure and had not shown that it was inadequate or unavailable, the Court held that the taking claim was premature. *Id.* at 197, 105 S.Ct. at 3122. The same result obtains here for essentially the same reason.

Virginia law also provides an inverse condemnation remedy. Under Section 8.01–187:

> Whenever it is determined in a declaratory judgment proceeding that a person's property has been taken or damaged within the meaning of Article I, § 11 of the Constitution of Virginia and compensation has not been paid or any action taken to determine the compensation within sixty days following the entry of such judgment order or decree, the court which entered the order or decree may, upon motion of such person after reasonable notice to the adverse party, enter a further order appointing commissioners to determine the compensation.

Va.Code § 8.01–187. Article I, Section 11 of Virginia's Constitution provides, in turn, that "the General Assembly shall not pass any law ... whereby private property shall be taken or damaged for public uses." Va. Const. art. I, § 11. The fact that no Virginia state court has yet decided whether the statutory remedy may be used to redress regulatory takings, as opposed to physical invasions of property, does not preclude application of the *Williamson* rule to this

---

**2.** Defendants also seek dismissal on the ground that the Complaint on its face shows that plaintiff has not been deprived of all economic use of the property. *See Nollan v. California Coastal*

*Comm'n*, —— U.S. ——, 107 S.Ct. 3141, 3146, 97 L.Ed.2d 677 (1987). Because of the disposition on defendants' other grounds for dismissal, the Court does not reach this issue.

case.[3] Under *Williamson,* the plaintiff bears the burden of demonstrating that the state procedure is inadequate or unavailable. *Williamson,* 473 U.S. 172, 196–97, 105 S.Ct. 3108, 3122, 87 L.Ed.2d 126; *Littlefield v. City of Afton,* 785 F.2d 596, 609 (8th Cir.1986); *Kaiser Dev. Co. v. City and County of Honolulu,* 649 F.Supp. 926, 942 (D.Haw.1986). The plaintiff here has not met that burden.

Also in point is *Littlefield v. City of Afton,* 785 F.2d 596 (8th Cir.1986), a Section 1983 regulatory taking case. There, the plaintiffs argued that the state supreme court had barred inverse condemnation actions. The Eighth Circuit Court of Appeals disagreed, finding that while the state court may have limited inverse condemnation actions, such an action might be available to plaintiffs. Accordingly, the court held that "[u]ntil the [state] courts have ruled that an inverse condemnation action may not be brought or denies damages in such an action, [plaintiffs'] claim of taking without just compensation is not ripe for decision by a federal court." *Id.* at 609; *see also Kaiser Dev. Co.,* 649 F.Supp. 926, 942 (although state supreme court had indicated that actions for damages due to zoning laws might be looked upon with disfavor, plaintiffs had not shown that

state would deny them compensation). Here, there is an even stronger basis for applying the *Williamson* rule: a Virginia statute explicitly permits recovery of compensation in inverse condemnation actions. Thus, because plaintiff has not shown that the state remedy would be inadequate or unavailable, its federal claim is premature.[4]

The second ground for dismissal—abstention—is closely related to the ripeness issue. Central to both is the existence of a dispositive state remedy or issue. As discussed below, the existence of the dispositive and novel issue under Virginia law concerning the meaning of Section 8.01–187 is a factor that should be given substantial weight in determining whether abstention is appropriate. Defendants argue that abstention is warranted under the related rationales of *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The Court finds that the principles of both cases militate in favor of abstention here.

■ In *Railroad Commission v. Pullman Co.,* the Supreme Court held that federal courts have discretion to decline to make a ruling of federal law in cases where

3. While it is uncertain under Virginia law whether compensation is available under Section 8.01–187 for regulatory takings, the Supreme Court recently held that a state court's refusal to require compensation for an acknowledged regulatory taking in an inverse condemnation action was contrary to the Fifth and Fourteenth Amendments. *First English Evangelical Lutheran Church v. County of Los Angeles,* — U.S. —, 107 S.Ct. 2378, 2383, 96 L.Ed.2d 250 (1987). Given this precedent, it seems unlikely that a Virginia court would deny compensation should it find that a taking has occurred within the meaning of Section 8.01–187 and Article I, Section 11 of Virginia's Constitution.

4. Plaintiff argues that because the compensation portion of Section 8.01–187 incorporates statutory provisions dealing with eminent domain, Virginia Code § 25–46.5 would apply to an action in state court. Section 25–46.5 provides:
> No proceedings shall be taken to condemn property until a bona fide but ineffectual effort has been made to acquire from the owner by purchase the property sought to be condemned....

Va.Code § 25–46.5. Plaintiff asserts that Section 25–46.5 is a jurisdictional prerequisite to recovery under Section 8.01–187 and that because defendants never made an offer to purchase 4103 Duke Street, Section 8.01–187 would not be an effective remedy.

This contention is without merit. The language at issue in Section 8.01–187, *see supra* p. 224, simply means that the procedure for determining the amount to be paid to the landowner under that section shall be the same as that which would be used if the condemning authority had instituted eminent domain proceedings. *See* Va.Code §§ 25–46.9 to –46.34. Moreover, Section 8.01–187 is aimed at situations in which the condemning authority has taken a landowner's property, but has not followed statutory condemnation procedures, including Section 25–46.5. It is therefore illogical to assert that the condemnor must make the landowner an offer under Section 25–46.5 before compensation proceedings under Section 8.01–187 may be instituted. In sum, Section 25–46.5 has no bearing on the remedy provided in Section 8.01–187.

a controlling issue of state law is present. 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971. *Pullman* abstention has been interpreted to be appropriate where three conditions are met:

> (1) the complaint must touch a sensitive area of social policy into which the federal courts should not enter unless there is no alternative to adjudication; (2) a definitive ruling on the state issues by a state court could obviate the need for constitutional adjudication by the federal court; and (3) the proper resolution of the potentially determinative state law issue is uncertain.

*Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985); *see also Caleb Stowe Assoc., Ltd. v. County of Albemarle*, 724 F.2d 1079, 1080 (4th Cir.1984); *Fralin & Waldron, Inc. v. City of Martinsville*, 493 F.2d 481, 482–83 (4th Cir.1974). These three requirements are met here.

First, it is indisputable that land use planning is a sensitive area of state policy. *See Kollsman*, 737 F.2d 830, 833; *Fralin & Waldron*, 493 F.2d 481, 483; *Kent Island Joint Venture v. Smith*, 452 F.Supp. 455, 462 (D.Md.1978). Moreover, a state court ruling on the issues presented by plaintiff's Complaint could moot the federal constitutional issue or present it in a different posture. The determinative issues in this case are the propriety of the Alexandria City Council's denial of plaintiff's rezoning request, the effect of that denial on plaintiff's property and the availability of compensation for the alleged taking under the state statutory scheme. The Virginia state courts are uniquely suited to resolve these questions, and a decision in plaintiff's favor could render unnecessary a ruling on the federal constitutional issue. *Fralin & Waldron, Inc. v. City of Martinsville*, 370 F.Supp. 185, 189–90 (W.D.Va.1973) (*Pullman* abstention appropriate where a state court ruling that the city council and planning commission abused their discretion in denying a special use permit and request for subdivision would make resolution of federal constitutional claim unnecessary), *aff'd*, 493 F.2d 481 (4th Cir.1974); *Kent*

*Island Joint Venture v. Smith*, 452 F.Supp. 455, 462–63 (D.Md.1978) (rationality of land use classification is a classic question of state law). Finally, it is uncertain under Virginia law whether the City Council abused its discretion in refusing to rezone plaintiff's property, whether this refusal effected a taking of the property and whether plaintiff has a remedy for the alleged taking under the state's inverse condemnation procedure. *See Sederquist v. City of Tiburon*, 590 F.2d 278, 282–83 (9th Cir.1978) (whether state court would order compensation for a regulatory taking and whether city abused its discretion in refusing to issue a building permit are uncertain questions of state law).

■ Abstention is also warranted under the reasoning of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). There, the Supreme Court admonished federal courts to defer to state courts where federal intervention would needlessly disrupt a state's administration of purely local affairs. *Id.* at 333–34, 63 S.Ct. at 1107–1108; *see also Kent Island*, 452 F.Supp. 455, 461. Land use planning, as previously noted, is an area of uniquely local concern and, in Virginia, is the subject of an extensive regulatory scheme. *See* Va.Code §§ 15.1–427 to –503.2. The regulatory network includes provisions for challenging zoning decisions. Va.Code §§ 15.-1–495, –496.1, –497. As the District Court for the Western District of Virginia noted:

> [T]he courts of Virginia are accustomed to reviewing local ordinances and are in a better position than a federal court to delineate the boundaries of local discretion in the area of land use in the first instance. For this court to sit as a board of zoning appeals from actions by a local city council and circumscribe local power with respect to special use permits and subdivision regulations would cause needless conflict with the administration by the state courts of concerns with which they have infinitely more expertise and experience.

*Fralin & Waldron*, 370 F.Supp. 185, 191 (W.D.Va.1973). As in *Fralin & Waldron*,

this Court is convinced that the Virginia state courts should consider plaintiff's allegations before this Court addresses any federal constitutional issues which may be involved. The Court therefore concludes that abstention is the prudent course.[5]

B. *Plaintiff's Motion to Invalidate Local Rule 7(D)*

 Plaintiff asks the Court to exempt its counsel, Dr. Alfred Avins, from Local Rule 7(D) on the ground that it is invalid as applied to him under the Supreme Court's decision in *Frazier v. Heebe*, — U.S. —, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987). Local Rule 7(D), E.D. Va., requires attorneys from other states and the District of Columbia to associate a member of the Court's bar as a condition of appearance before the Court. Membership in the Virginia bar is a requirement of admission to the district court's bar. Dr. Avins is a member of the bars of several jurisdictions, including the District of Columbia, and maintains an office in Virginia. Under Local Rule 7(D), however, Dr. Avins must associate local counsel to practice before the Court. Plaintiff contends that *Frazier v. Heebe* invalidates all local federal court rules which unnecessarily or unjustifiably require local resident counsel and that this decision is controlling here.

The Court disagrees with plaintiff's interpretation of *Frazier*. There, the Court found that an Eastern District of Louisiana rule which denied admission to members of the Louisiana bar who neither lived nor had an office in the state unnecessarily and arbitrarily discriminated against out-of-state attorneys. *Frazier*, 107 S.Ct. 2607, 2613. The Court expressly noted that the requirement that an attorney must be a member in good standing of the Louisiana bar was not at issue. *Id.* at 2612 n. 5. Thus, the *Frazier* Court neither considered nor decided whether to invalidate rules which require attorneys who are not members of the forum state's bar to associate local counsel.[6] On the contrary, there is abundant good reason to conclude that such rules pass muster under *Frazier*, for they are neither unnecessary nor arbitrarily discriminatory. Rule 7(D) is rationally related to the Court's valid interest in having attorneys before it who are both knowledgeable about Virginia law and local rules of practice and readily subject to the Court's discipline and authority. This Court therefore declines plaintiff's invitation to hold Rule 7(D) inoperative as applied to its counsel.

As a matter of discretion, however, the Court allowed plaintiff's attorney to argue at the hearing on defendants' motion to dismiss without the presence of local counsel. Given the Court's disposition of defendants' motion, it is unnecessary to consider whether future discretionary exemptions from Rule 7(D) are warranted.

Accordingly, plaintiff's motion is denied and the Complaint is dismissed pursuant to *Williamson County Regional Planning Commission v. Hamilton Bank* and *Burford v. Sun Oil Co.* An appropriate order has been issued.

---

5. The Court recognizes that retention of jurisdiction pending state adjudication, rather than dismissal, is the proper procedure when *Railroad Commission v. Pullman* is the basis for abstention. *Pullman*, 312 U.S. 496, 501–02, 61 S.Ct. 643, 645–46, 85 L.Ed. 971 (1941). However, if *Burford v. Sun Oil Co.* is applicable, the federal complaint should be dismissed. *Burford*, 319 U.S. 315, 334, 63 S.Ct. 1098, 1107–1108, 87 L.Ed. 1424 (1943); *see Kent Island Joint Venture v. Smith*, 452 F.Supp. 455, 464 (D.Md.1978). The Court's decision to abstain is based in part on *Burford*. Further, because plaintiff's taking claim is premature, dismissal is also appropriate under *Williamson County Regional Planning*

*Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). *See supra* pp. 224–225. Thus, the Court concludes that the best approach is to dismiss the Complaint, with leave to refile the federal action should state remedies prove to be unavailable or inadequate.

6. Because Dr. Avins is not a member of the Virginia bar, it is unnecessary for this Court to rule on the validity of Local Rule 7's requirement of residence and maintenance of a law office in Virginia as a condition of admission. Rule 7(B), E.D.Va.