George A. **GRAHAM, et al., Plaintiffs,**

v.

**COUNTY OF ALBEMARLE,
et al., Defendants.**

**Civ. A. No. 92–0067–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

June 28, 1993.

James Benjamin Dick, Shanon S. Echols, Law Office of J. Benjamin Dick, Charlottesville, VA, for plaintiffs.

George Harrison Gilliam, Mark A. Trank, Paxson, Smith, Gilliam & Scott, P.C., Charlottesville, VA, for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

### I. INTRODUCTION

In this 42 U.S.C. § 1983 suit against the County of Albemarle and its officials, the Plaintiffs allege violations of their federal and state constitutional rights. This action

comes to this Court on the joint Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendants, the County of Albemarle, V. Wayne Cilimberg and Amelia M. Patterson, and on the separately filed dismissal motion of Defendant, Susan L. McLeod. The Defendants raise several grounds for dismissal, but the primary issue is whether this Court should abstain from exercising its jurisdiction under *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

## II. FACTS

George and Betty Graham own residential lots in the Ashmere subdivision in Albemarle County, Virginia. In the Complaint, Plaintiffs allege that they sought unsuccessfully a permit for an alternative discharging sewage system (ADSS) on their property. Defendant Cilimberg is the Albemarle County Director of Planning charged with administering regulations and policy regarding the development and use of ADSS. The Complaint alleges that Cilimberg has rejected the use of ADSS in Albemarle County and has discouraged and dismissed all applications made by the Plaintiffs for an ADSS. Defendant Patterson is the Albemarle County Zoning Administrator charged with enforcing the county's zoning ordinance. Plaintiffs claim that Patterson has also rejected the use of ADSS and improperly interpreted the county zoning ordinance to prohibit ADSS.

Defendant McLeod is Director of the Charlottesville–Albemarle Health Department. She is authorized to issue ADSS permits, but, allegedly in combination with Albemarle County officials, she has denied a permit to Plaintiffs. The Complaint asserts that McLeod would not issue an ADSS permit because it was contrary to Albemarle County policy. Without an ADSS permit, which McLeod was authorized to issue under state law, Albemarle County would not grant building permits for Plaintiffs' lots.

The Grahams sought a zoning ordinance amendment from the Albemarle County Board of Supervisors to allow an ADSS. In addition, Plaintiffs filed a variance with the Board of Zoning Appeals, which denied the variance and suggested that the Board of Supervisors address the issue of ADSS. Plaintiffs allege that these actions were unnecessary given that state law authorizes the sewage systems. Currently pending before the Albemarle County Circuit Court are two petitions for writ of certiorari, filed April 12, 1990 and June 7, 1990 respectively.[1] The petitions seek review of 1) the decision of the Board of Zoning Appeals denying Plaintiffs a variance and 2) Defendant Patterson's determination that the zoning ordinance would not permit an ADSS.

Plaintiffs filed their Complaint in this Court on August 7, 1992, alleging, *inter alia:* 1) that Defendants denied Plaintiffs their statutory rights under Virginia Code § 32.1–163 *et seq.* to utilize ADSS; 2) that the denial of an ADSS permit has resulted in a taking of Plaintiffs' real property in violation of the Fifth Amendment; 3) that Plaintiffs have been denied due process and equal protection because Defendants have granted ADSS permits to other developers and for governmental purposes; and 4) that Defendants have violated Sections One, Seven, Eleven, and Fourteen of the Virginia Constitution and Code §§ 59.1–9.5 (conspiracy in restraint of trade or commerce) and 18.2–499 and –500 (conspiracy to injure another in trade, business, or profession).

Defendants Albemarle County, Cilimberg, and Patterson filed a joint Motion to Dismiss pursuant to *Fed.R.Civ.P.* 12(b)(1) and 12(b)(6) on September 14, 1992, with an amendment thereto on September 22, 1992. Defendant McLeod filed her Motion to Dismiss on September 22, 1992. These Defendants urge this Court to dismiss the Complaint based on several grounds,[2] primarily

---

1. These petitions were filed in one case styled *George A. Graham [and] Betty H. Graham v. Albemarle County Board of Zoning Appeals,* No. 4179–L (Albemarle County Circuit Court).

2. In the original motion, Defendants submitted defenses on several bases, including: lack of subject matter jurisdiction; abstention under *Burford* and *Younger;* failure to state a claim upon which relief can be granted; absolute im-

under the *Burford, Younger,* and *Pullman* abstention doctrines. The court held a hearing on defendants' motions on March 30, 1993.

### III. ANALYSIS

Defendants contend that the Court should abstain under all three abstention doctrines—*Burford, Younger,* and *Pullman.* For the following reasons, this Court finds that abstention is appropriate under *Burford* and *Pullman.* Accordingly, Plaintiffs' Complaint is dismissed.

### A. *Burford Abstention*

■■■ Under *Burford* abstention, a federal court should abstain from exercising its jurisdiction when it can avoid "interfering with a 'complex state regulatory scheme concerning important matters of state policy for which impartial and fair administrative determinations subject to expeditious and adequate judicial review are afforded.'" *Browning-Ferris, Inc. v. Baltimore County,* 774 F.2d 77, 79 (4th Cir.1985) (quoted in *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal,* 945 F.2d 760, 763 (4th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1477, 117 L.Ed.2d 620 (1992)). The Fourth Circuit has noted that *Burford* abstention is particularly appropriate in cases involving the interpretation and application of state and local land use laws. *See Neufeld v. City of Baltimore,* 964 F.2d 347, 351 (4th Cir.1992); *see also Browning-Ferris,* 774 F.2d at 79 (complexity of state landfill laws warranted *Burford* abstention); *Caleb Stowe Assocs., Ltd. v. County of Albemarle,* 724 F.2d 1079, 1080 (4th Cir.1984) (abstention proper where plaintiffs' claims "necessarily depend[ed]" upon interpretation of state land use law and policy and scope of authority of local planning entities). *Burford* abstention is not justified, however, where land use

issues are implicated only marginally. *Neufeld,* 964 F.2d at 351.

In *Front Royal,* the plaintiffs, an industrial park corporation and two landowners, sought relief in a § 1983 action against the Town of Front Royal for alleged violations of plaintiffs' Fifth and Fourteenth Amendment rights. *Front Royal,* 945 F.2d at 761–62. Plaintiffs brought suit in federal court, without pursuing the available state remedies, after the town failed to comply with orders of the Annexation Court to extend sewer service to plaintiffs' property. *Id.* The landowners claimed that the Town's failure to extend sewer service to them stripped the plaintiffs of all economic uses of their property and denied them equal protection where such service had been extended to others similarly situated. *Id.* at 762.

On appeal from the district court's grant of summary judgment in favor of the plaintiffs, the Fourth Circuit held that the principles announced in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and in cases following the reasoning in *Burford* counseled in favor of abstention. *Front Royal,* 945 F.2d at 763. The appeals court noted that resolution of plaintiffs' claims required examination of the orders of the Annexation Court, designed as a "complex scheme" to handle annexation matters with appeals to the state courts for noncompliance. *Id.* at 764. The Fourth Circuit found abstention was warranted because the Annexation Court system implicated only state and local law, the state courts had greater knowledge of the annexation system and the plaintiffs had state remedies available to them. *Id.* at 765.

Based upon the foregoing cases, this Court finds the principles favoring *Burford* abstention are present here. Plaintiffs claim that the Defendants' rejection of an ADSS permit

---

munity for acts taken in their legislative capacity; insufficiently alleged violations of Va.Code §§ 59.1–9.5, 18.2–499 and –500; failure to exhaust state remedies; and statute of limitations. In their amendment, these Defendants stated additional grounds, including: sovereign immunity; failure to raise § 1983 claims in the pending state court proceedings; and *Pullman* abstention.

Defendant McLeod restates the bulk of the grounds stated by the other Defendants and also asserts Eleventh Amendment immunity, that she is not a "person" in her official capacity within the meaning of 42 U.S.C. § 1983, and that as an employee of the Virginia Department of Health, she exercises no control over the policies of Albemarle County or the State Water Control Board and had no role in the review of Plaintiffs' application for an ADSS.

authorized by Virginia Code § 32.1–163 *et seq.* has resulted in state and federal constitutional and statutory violations, including a taking without compensation under the Fifth Amendment and a denial of equal protection under the Fourteenth Amendment.

Virginia Code §˙32.1–163 *et seq.* outlines the regulatory scheme for the handling and disposal of treated sewage. The State Board of Health is the primary agency required to supervise and control the overall transportation, treatment and disposal of sewage. *Id.* § 32.1–164. However, the Board of Health shares responsibility with the State Water Control Board (SWCB) for regulating sewage and determines the criteria for issuing permits for ADSS in compliance with SWCB regulations. *Id.* Applicants for discharge permits from SWCB must obtain local government certification that the discharge will be consistent with zoning ordinances in order to complete their permit applications. *Id.* § 62.1–44.15:3. In addition, when˙.a local health department receives a permit application, the department must notify the local government where the septic tank will .be located and must take any actions on the application at the request of the government. *Id.* The statute also provides an administrative and judicial review framework for appealing the denial of a permit. *Id.* § 32.1–164.1.

Plaintiffs argue that their case does not involve a "complex state regulatory scheme" as contemplated by *Burford.* However, the system set out in Virginia Code § 32.1–163 *et seq.* for regulating sewage disposal represents the type of scheme held to warrant abstention in cases previously decided in this circuit. Resolution of Plaintiffs' claims, both state and federal, requires analysis of state sewage disposal law and local zoning policies, with administrative and judicial review available for handling all appeals from denials of permits. The local sewage disposal issues are not implicated "only in a peripheral sense" here, *see Neufeld,* 964 F.2d at 351, but constitute the very bases upon which this action was initiated.

The Fourth Circuit has determined that federal court abstention under similar circumstances is warranted. *See Front Royal,* 945 F.2d at 764–65; *Meredith v. Talbot County,* 828 F.2d 228 (4th Cir.1987) (*Burford* abstention held proper where county's subdivision approval process was governed by complex state regulations). Federal courts should not interfere "when the exercise of federal review would disrupt state efforts to establish a coherent policy on a matter of substantial public concern." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Because the sewage discharge system is state-regulated and local in nature, this Court finds abstention under *Burford* is proper. The state courts should be given the first crack at interpreting the regulatory scheme and outlining the responsibilities of the local governments and State Board of Health with regard to ADSS permits.

### B. *Pullman Abstention*

▮ In *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Supreme Court held that abstention is appropriate when a court must resolve intricate and unsettled questions of state law before deciding federal constitutional issues. Abstaining under these circumstances permits federal courts to refrain from deciding federal questions and to avoid any conflict with state policies. *Pullman,* 312 U.S. at 500, 61 S.Ct. at 645. Abstention is not required, however, "when a state statute is not 'fairly subject to an interpretation which will render unnecessary' the federal constitutional question." *Hawaii Housing Auth. v..Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984) (citing *Harman v. Forssenius,* 380 U.S. 528, 535, 85 S.Ct. 1177, ˙1182, 14 L.Ed.2d 50 (1965)).

In *Meredith, supra,* the Fourth Circuit held that in addition to *Burford* abstention, the federal court should also abstain under *Pullman.* 828 F.2d at 232. There, the plaintiffs requested that the court interpret Maryland law relating to the subdivision approval process. Because the case could be disposed of by resolving unsettled questions of a newly enacted state ˙law and without

deciding the federal constitutional questions, *Pullman* abstention was appropriate. *Id.*

Similarly, in the present case, Plaintiffs raise issues requiring the interpretation of unsettled state law and policy in the area of sewage disposal. The 1990 Amendments to Virginia Code § 32.1–163 *et seq.* introduced the alternative discharging sewage systems. Questions regarding the interplay between the Albemarle County zoning laws and the Board of Health permit requirements for ADSS remain unclarified by the Virginia courts. This Court finds that the case can be disposed of by resolving Plaintiffs' state law questions without resort to adjudication of the federal constitutional issues. Consequently, because a federal court can dismiss a complaint where both *Burford* and *Pullman* abstention are found proper, *Meredith,* 828 F.2d at 232, Plaintiffs' Complaint shall be dismissed.

### C. *Younger Abstention*

▮ Abstention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) applies when federal claims have been or could be raised in an ongoing state judicial proceeding which involves an important state interest. *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 237–38, 104 S.Ct. 2321, 2327–28, 81 L.Ed.2d 186 (1984); *see also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975) (*Younger* abstention not justified before the conclusion of state appellate review). Federal courts have exercised *Younger* abstention after finding the following:

> [f]irst, state court proceedings must be ongoing before the federal court engages in substantial proceedings on the merits; second, the state proceedings must present an opportunity for the federal claims to be raised; finally, important state interests must be at stake.

*Kim–Stan, Inc. v. Department of Waste Management,* 732 F.Supp. 646, 648–49 (E.D.Va.1990). Extending *Younger* to bar federal court review in instances where state courts are analyzing state legislative or executive actions "would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Serv., Inc. v. Council of New Orleans,*

491 U.S. 350, 358, 109 S.Ct. 2506, 2512, 105 L.Ed.2d 298 (1989) (citing *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)).

▮ While principles of federalism come into play when federal courts are asked to interpret state laws and policies, it is only the exceptional case in which *Younger* requires the federal court to abstain. This case is not a strong candidate for *Younger* abstention, although the first two elements for abstention outlined in *Kim–Stan* are satisfied. Plaintiffs filed petitions for review in the Albemarle County Circuit Court in 1990, some two years prior to the filing of this action, and those proceedings are currently pending. In those petitions, Plaintiffs raised issues of state and federal statutory and constitutional law, and the parties will presumably have an opportunity to argue those issues before the state court. However, the purported state interest here does not rise to the level of the significant state interests implicated in cases where federal courts have previously relinquished jurisdiction. *See, e.g., Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (state's interest in requiring the posting of a bond pending appeal warranted abstention); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (federal court recognizes state's important interest in state bar disciplinary proceeding); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (important state interest in contempt proceeding justified federal court abstention); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (abstention warranted where state civil litigation is similar to criminal proceeding).

In light of the availability of both *Burford* and *Pullman* abstention, this Court need not rely on *Younger* abstention. Accordingly, Defendants' motions are granted and the Complaint shall be dismissed.

An appropriate Order shall this day issue.