**BEACON HILL FARM ASSOCIATES II LIMITED PARTNERSHIP, a Virginia Limited Partnership, Plaintiff–Appellant,**

v.

**The LOUDOUN COUNTY BOARD OF SUPERVISORS; County of Loudoun, Defendants–Appellees.**

No. 88–3894.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1988.

Decided May 26, 1989.

John E. Coffey (Michael A. Banzhaf, Richard C. Sullivan, Jr., Hazel, Thomas, Fiske, Beckhorn & Hanes, on brief), for plaintiff-appellant.

Thomas O. Lawson (Laurie E. Forbes, Lawson & Kipp, on brief), Edward J. Finnegan, County Atty., for defendants-appellees.

Before ERVIN, Chief Judge, and WIDENER and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge:

This case comes to us on appeal from the district court's grant of Loudoun County's motion to dismiss because the cause was not ripe for adjudication. We vacate and remand the case to the district court for further proceedings consistent with this opinion.

On December 21, 1987, to protect environmentally sensitive land areas, Loudoun County amended its general zoning ordinance to provide for a "Mountainside Development Overlay District." [1] The stated purpose of this zoning ordinance is:

> to regulate land use and development on the mountainsides of the County, in such a manner as to: (1) assure mountainside development will not result in substantial damage to significant natural resource areas, wildlife habitats or native vegetation areas; (2) assure that mountainside development is compatible with the slope of the land; (3) assure proper design is utilized in grading and in the development of structures, roadways and drainage improvements; (4) assure mountainside conditions are properly identified and incorporated into the planning process for subdivision and site development; (5) implement the intent of the Comprehensive Plan; (6) prevent erosion and minimize clearing and grading; and (7) ensure that all development is compatible with the existing topography and soils conditions.

The ordinance restricts land uses in certain areas, including those with elevations in excess of 550 feet in the Catoctin Mountains. It permits land in the district to be used as of right for agriculture, forestry, fisheries and for dwellings on lots of record existing as of the date of the ordinance; all other uses require a special exception from the county board of supervisors, which ex-

1. An overlay zoning district is a zoning district in which the conditions of the overlay district must be complied with as well as the condition of a basic underlying zoning district; thus one district overlays another.

ceptions, however, are not without standards so the special exceptions become the rule. Under the ordinance, drainfields and dwellings cannot be placed on slopes of greater than 25 percent, and roads and drives cannot be placed on slopes of greater than 25 percent unless no other option exists for access to the property. The ordinance also provides that activities such as clearing and grading should be minimized.

The appellant, Beacon Hill Farm Associates, owns approximately 1,000 acres of land in Loudoun County; of which approximately 650 acres lies within the mountainside development overlay district. Prior to December 21, 1987, Beacon Hill's property was zoned merely "A–3", which permitted single-family dwellings to be erected at a density of one dwelling per three acres of land. Under this designation, Beacon Hill's property could have been subdivided into more than 300 lots for single-family dwellings. A–3 zoning alone also had more relaxed requirements for activities such as grading and construction of drainfields, roads and driveways on the property.

Beacon Hill's land was not subdivided prior to passage of the mountainside development overlay district ordinance. The county board of zoning appeals, however, previously had granted to Beacon Hill Special Exception 85–58, which authorized the construction of a golf course with pro shop, a club house with a 300–seat restaurant and 20 guest rooms, and related outbuildings. Since then, Beacon Hill has not submitted any further plans to develop its property to the county board, nor has it applied, pursuant to the ordinance in question, for a special exception from the ordinance.[2]

Instead, Beacon Hill sought to challenge the ordinance in court. On April 12, 1988 Beacon Hill filed a complaint in the district court, seeking a declaratory judgment that the ordinance was an unconstitutional violation of the due process and equal protection clauses of the Fourteenth Amendment and seeking damages in excess of $22,650,-000 under 42 U.S.C. § 1983.

The county moved for dismissal, stating that the claim was not ripe for adjudication "since the Plaintiff has not obtained a final determination regarding how the ... Ordinance will be applied to its property." The district court agreed. Based on its view that recent cases require a final determination regarding the application of a land use ordinance to a plaintiff's property before a constitutional challenge to the ordinance may be heard, the court dismissed the case.

Beacon Hill on appeal claims that its complaint presents a facial attack on the ordinance, and, as such, the district court erred in holding that it was premature. Loudoun County, on the other hand, argues that Beacon Hill's claim is premature regardless of whether the court classifies it as a facial or an as applied attack on the ordinance because of Beacon Hill's failure to apply for a special exception to use its land under the terms of the ordinance.

The federal courts are courts of limited jurisdiction, and under the case or controversy provision of the Constitution must decide only "concrete legal issues, presented in actual cases" where there has been "actual interference" with someone's rights. *United Public Workers v. Mitchell*, 330 U.S. 75, 89–90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). This constitutional case or controversy requirement prohibits federal courts from issuing opinions on claims which are brought too late, and are moot, and claims which are brought too early, and are not yet ripe for adjudication.

The Court has held that this concept of ripeness is particularly important in cases challenging land use regulations. It has stated "the constitutionality of statutes ought not be decided except in an actual factual setting that makes such a decision necessary...." *Hodel v. Virginia Surface Mining and Reclamation Assoc.*, 452 U.S. 264, 294–95, 101 S.Ct. 2352, 2369–70, 69 L.Ed.2d 1 (1981). This, however, does

---

**2.** Nowhere in the court papers do we find a plan of Beacon Hill's proposed use of the property, other than the plans for the golf course, club house and related buildings.

not mean that every constitutional challenge to a land use or zoning ordinance must await a final determination as to the extent of applicability of the ordinance to a landowner's property.

In *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), the Court recognized that a landowner may attack the facial validity of a land use ordinance. In 1922, the Euclid Village Council adopted the town's first comprehensive zoning plan. At that time, Ambler Realty Company owned a 68-acre unimproved tract in the town, which is a suburb of Cleveland, Ohio. Ambler claimed its land was in the path of projected industrial expansion from Cleveland and was worth $10,000 per acre if used for industrial purposes. The zoning plan adopted by the Village Council restricted the use of a large section of Ambler's land to residential or public purposes, such as for homes, schools, churches and hospitals. Under this zoning scheme, Ambler claimed its land was worth only $2,500 per acre.

Without seeking a variance or other relief from the effects of the ordinance, Ambler brought suit in federal district court, seeking to enjoin enforcement of the ordinance. Ambler argued that the ordinance, on its face, deprived it of a property interest without due process of law. Despite the town's argument that Ambler's suit was premature, the district court found the zoning ordinance unconstitutional and issued the injunction.

On appeal the Supreme Court decided:

A motion was made in the court below to dismiss the bill on the ground that, because complainant [appellee] had made no effort to obtain a building permit or apply to the zoning board of appeals for relief as it might have done under the terms of the ordinance, the suit was premature. The motion was properly overruled. The effect of the allegations of the bill is that the ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability for industrial, commercial and residential uses; and the attack is directed, not against any specific provision or provisions, but against the ordinance as an entirety. Assuming the premises, the existence and maintenance of the ordinance, in effect, constitutes a present invasion of appellee's property rights and a threat to continue it. Under these circumstances, ... jurisdiction is clear.

272 U.S. at 386, 47 S.Ct. at 117–18. The court distinguished between an attack based on a specific injury in the process of actual application of the ordinance and an attack based on "the broad ground that the mere existence and threatened enforcement of the ordinance, by materially and adversely affecting values and curtailing the opportunities of the market, constitute a present and irreparable injury." 272 U.S. at 395, 47 S.Ct. at 121. The latter, the facial attack, is quite permissible regardless of whether the landowner has applied for or received a final determination of the extent to which the ordinance would affect his land use.

In 1981, the Court in *Hodel* decided that a landowner who had not received a final determination of the extent of a regulation's effect on his property, nevertheless, could prosecute a facial attack against the regulation. The court, however, held that the only issue properly before it was whether the "mere enactment" of the regulation unconstitutionally affected the plaintiffs' property rights. 452 U.S. at 295, 101 S.Ct. at 2370; citing *Agins v. Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed. 2d 106 (1980).

The theme of the Court's decisions reflects a reluctance to render opinions on the constitutionality of land use ordinances *as applied* prior to their actual application to a specific piece of land. See *Williamson Planning Commission v. Hamilton Bank*, 473 U.S. 172, 186–87, 105 S.Ct. 3108, 3116–17, 87 L.Ed.2d 126 (1985); *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 348–49, 106 S.Ct. 2561, 2565–66, 91 L.Ed.2d 285 (1986). And the

Court has stated "[o]ur cases uniformly reflect an insistence on knowing the nature and extent of permitted development before adjudicating the constitutionality of the regulation that purports to limit it." *MacDonald, Sommer & Frates,* 477 U.S. at 351, 106 S.Ct. at 2567–68.[3] But, despite this deliberate approach, the Court, as recently as 1987, has recognized that a landowner may yet mount a facial attack on a land use regulation without first seeking a final determination of how the applied regulation will effect actual use of the property. In *Keystone Bituminous Coal Assoc. v. DeBenedictis,* 480 U.S. 470, 494, 107 S.Ct. at 1232, 1247, 94 L.Ed.2d 472 (1987), the Court recognized the "important distinction between a claim that the mere enactment of a statute" is unconstitutional and "a claim that the particular impact of government action on a specific piece of property" is unconstitutional.

*DeBenedictis* involved a coal industry challenge to the Pennsylvania Bituminous Mine Subsidence and Land Conservation Act, which prohibits coal mining that causes subsidence damage to certain existing buildings used by the public, dwellings and cemeteries. The Court took as fact that the plaintiffs had not alleged any injury due to enforcement of the act, and, therefore, there was no concrete controversy over application of the act,[4] 480 U.S. at 493, 107 S.Ct. at 1246, yet it upheld the district court's decision on the merits of plaintiffs' facial challenge to the act.

While the facial attack in *DeBenedictis* was based on a claim of taking without just compensation, the Court also has recognized that a plaintiff may make a pre-enforcement challenge to an ordinance as being arbitrary and discriminatory on its face in violation of the due process and equal protection clauses of the constitution. In

*Pennell v. City of San Jose,* 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988), the Court again distinguished those cases in which a land use regulation is challenged as being unconstitutional as applied from those cases in which a regulation is alleged to be facially invalid. The Court in *Pennell* refused to decide whether a provision of San Jose's rent control ordinance which allowed consideration of the hardship a rent increase would have on a tenant amounted to a taking of private property without just compensation. It held that this challenge was premature because there was no evidence that the tenant hardship provision had been relied on to reduce rent. The Court, however, did decide that the ordinance was neither arbitrary nor discriminatory on its face, so as to violate the due process and equal protection clauses. 485 U.S. at ——, ——, 108 S.Ct. at 856–59. At this point we should note that the Court did the same thing in *Agins* in which case it affirmed the facial validity of a zoning law but declined to pass upon its application under the taking clause because the developer had not applied for permits to determine the extent of his permitted development.

Beacon Hill's complaint alleges that the mountainside development overlay district ordinance violates the due process clause of the Fourteenth Amendment in that it is "unreasonable, arbitrary, and capricious and bears no substantial relationship to the advancement of a legitimate state interest" and that it violates the equal protection clause of the Fourteenth Amendment in that the ordinance classifies property based on elevation and slope and that such classifications are "arbitrary, discriminatory, unreasonable and bear no reasonable or substantial relation to a legitimate governmental interest." While the complaint is

---

**3.** Both of these cases involved claimed regulatory takings. The Court in both cases held that it was unable to determine whether the land use ordinance resulted in a taking of private property without just compensation because there was no final determination of how the ordinance would affect the plaintiffs' use of their land.

*MacDonald, Sommer & Frates,* 477 U.S. at 348–49, 106 S.Ct. at 2565–66; *Williamson County,* 473 U.S. at 186–87, 105 S.Ct. at 3116–17.

**4.** The district court in *DeBenedictis,* based on a joint motion by the parties, certified for appeal its ruling on the facial challenge to the statute.

couched almost completely in conclusory terms, about which no present objection is made, in so far as it presents a facial attack on the ordinance, it should not have been dismissed as being premature. See e.g. *Agins, supra; Pennell, supra.* In view of the fact that a facial challenge to a land use ordinance must carry such a heavy burden of persuasion that it may even seem that the claim of facial invalidity is entirely without merit,[5] the question should nevertheless be decided for the claim is not premature merely because it is brought before a final determination of the extent of the ordinance's application to a specific piece of property after application for the proper permits has been made.

Beacon Hill concedes that it has not sought a final determination of how the mountainside development district ordinance will effect the use of its property. On remand, then, the district court should (subject to any exception made necessary by note 6 below) rule only on whether the "mere enactment" of the ordinance unconstitutionally violates Beacon Hill's property rights.[6]

VACATED AND REMANDED.

---

5. The regulation will be upheld unless it is "clearly arbitrary and unreasonable, having no substantial relationship to the public health, safety, morals or general welfare." *Euclid,* 272 U.S. at 395, 47 S.Ct. at 121.

6. Beacon Hill's complaint also alleges a violation of due process based on a claimed retroactive application of the mountain development overlay district regulations to the development of its previously approved golf course. While the matter is not fully developed in the papers before us, whether the ordinance may or will be retroactively applied to prevent development of the golf course is apparently a question of state and local land use law. Consequently, on remand the district court should consider carefully whether or not our holdings in *Fralin & Waldron, Inc. v. City of Martinsville,* 493 F.2d 481 (4th Cir.1974), and *Caleb Stowe Associates v. County of Albemarle,* 724 F.2d 1079 (4th Cir. 1984) control and require abstention on this issue.