**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NATIONAL ASSOCIATION OF HOME
BUILDERS OF THE UNITED STATES;
HOME BUILDERS ASSOCIATION OF
VIRGINIA; HOME BUILDERS
ASSOCIATION OF RICHMOND,

No. 95-3213

Plaintiffs-Appellants,

v.

CHESTERFIELD COUNTY, VIRGINIA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-402)

Argued: July 8, 1996

Decided: July 30, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Glen Franklin Koontz, Washington, D.C., for Appellants.
Jeffrey Lee Mincks, Deputy County Attorney, Chesterfield, Virginia,
for Appellee. **ON BRIEF:** Thomas O. Bondurant, Jr., BONDURANT
& BENSON, P.C., Richmond, Virginia, for Appellants. Steven L.

Micas, County Attorney, Lisa C. Dewey, Assistant County Attorney, Chesterfield, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The National Association of Home Builders ("NAHB"),* brought this action against Chesterfield County, Virginia ("the County"), challenging the constitutionality of a policy formulated pursuant to Chesterfield County Ordinance § 21.1-8, which permits the County to accept cash proffers from residential development rezoning applicants ("cash proffer policy"). The County uses the money collected under the cash proffer policy to offset the increased cost of specific capital improvements necessitated by proposed residential developments. If the County does not use the money for new capital improvements within fifteen years, it is returned to the property owner. NAHB contends the cash proffer policy, on its face, violates the Fifth and Fourteenth Amendments because it amounts to a taking of its member homebuilders' property without just compensation.

The County's cash proffer policy is facially invalid under the Takings Clause only if it denies a property owner economically viable use of his land or fails to advance legitimate state interests. See Agins v. Tiburon, 447 U.S. 255, 260 (1980). The cash proffer policy does nothing to deny an owner economically viable use of his land, and NAHB does not argue to the contrary. Rather, NAHB contends the cash proffer policy fails to advance legitimate state interests. Although NAHB concedes that the policy's purported goal of funding capital improvements is legitimate, it argues that the cash proffer pol-

_____

*The Home builders Association of Virginia and the Home Builders Association of Richmond also joined NAHB as plaintiffs in this lawsuit.

2

icy violates the Takings Clause because there is no"essential nexus" between the exaction and the funding of capital improvements. See Nollan v. California Coastal Comm'n, 483 U.S. 825, 837 (1987) (holding that essential nexus between exaction and legitimate state interest is required to withstand constitutional scrutiny). In other words, NAHB contends the policy is invalid because, as crafted, it can never be applied in such a way as to ensure"rough proportionality" between the amount of the proffer and the actual increased cost of capital improvements. See Dolan v. City of Tigard, ___ U.S. ___, 114 S.Ct. 2309, 2319-20 (1994) (holding that essential nexus requires rough proportionality between the exaction and the legitimate state interest).

The district court noted that the cash proffer policy utilizes a complex methodology that is designed to calculate the average impact of a new residential development in terms of the County's cost of providing new public facilities such as schools, roads, libraries and parks. The policy places a cap on the maximum cash proffer amount it will accept per lot, but no requirement is written into the policy that a residential rezoning applicant proffer any amount at all to receive approval of his application. The district court held that the County's policy survives a facial attack on its constitutionality because there is no reason apparent on the face of the policy why any proffer could not be determined in an amount roughly proportional to the impact of the proposed development.

On appeal, NAHB contends that rough proportionality requires the County to make more stringent individualized determinations before calculating a cash proffer amount. Such a requirement, however, approaches one of "exact proportionality," which clearly is not required under the Constitution, nor feasible in practice. Accordingly, we reject NAHB's argument.

We have read the briefs, heard oral argument, and given full consideration to the parties' contentions. Finding no error in the district court's opinion, we affirm on its reasoning. National Ass'n of Home Builders v. Chesterfield County, 907 F. Supp. 166 (E.D. Va. 1995).

AFFIRMED