V. JACOBS & SONS, Plaintiff,

v.

SAGINAW COUNTY DEPARTMENT OF PUBLIC HEALTH, Kevin M. Datte, and Marion Township, Defendants.

No. 03–10094–BC.

United States District Court, E.D. Michigan, Northern Division.

Sept. 11, 2003.

Michael J. Brown, Charles E. Dunn, Roger L. Myers, Howard & Howard, Lansing, MI, for plaintiff.

Stephen L. Borrello, Jensen, Smith, Andre' R. Borrello, Gilbert, Smith, Saginaw,

MI, Thomas R. Meagher, Foster, Swift, Lansing, MI, for defendants.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

LAWSON, District Judge.

Marion Township has declared a moratorium on drilling deep water wells for irrigation purposes, presumably to address the fear that the depletion of ground water that might result from those wells could interfere with the operation of residential wells within the township. The plaintiff filed this action seeking, among other things, a declaration that the moratorium is unconstitutional. Now before the Court is defendant Marion Township's motion to dismiss the action for want of subject matter jurisdiction on the grounds that the plaintiff lacks standing to sue, and that the dispute is not ripe for adjudication. The Court heard arguments from the parties through their respective counsel in open court on August 27, 2003. The Court concludes that the plaintiff has demonstrated through its pleadings and an affidavit submitted with its answer to the defendant's motion that it has standing in this case. The Court also finds that because the plaintiff asserts a "facial" challenge to the constitutionality of the well drilling moratorium, the plaintiff's claims are ripe for review, although the Court finds that the complaint could fairly be construed to advance an "as applied" challenge, which would not be ripe for adjudication. The defendant's motion to dismiss will be denied, and the plaintiff is directed to amend its complaint to clarify its claims.

I.

The plaintiff, V. Jacobs & Sons, is a Michigan co-partnership.[1] In its com-

---

1. The plaintiff alleges in the complaint that it is a Michigan corporation. However, in its

plaint, the plaintiff alleges that on January 6, 2001, it executed an agreement with Emil Emmendorfer and Jeremy Emmendorfer, the owners of a parcel of property located in Marion Township at 21545 West Brant Road, Brant, Michigan, in which the Emmendorfers granted the plaintiff the right to farm potatoes on that property for fifteen years in exchange for the plaintiff's promise to pay the Emmendorfers $50 for each acre farmed. Compl. at ¶¶ 14–15, Ex. A. The plaintiff alleges that the farming of potatoes requires the use of a deep water well and a steady, available supply of water in order to properly irrigate the soil to grow potatoes. *Id.* at ¶ 15. The plaintiff further alleges that the agreement between the parties was premised upon the plaintiff's installation of the necessary irrigation tile and equipment, including a new deep water well, to ensure the availability of the required amount of water to properly grow potatoes. *Id.* at ¶ 16. The plaintiff states that absent the necessary deep water well and irrigation equipment, the plaintiff's investment-backed expectations for the property will be significantly impaired. *Id.* at ¶ 17.

Before the agreement was finalized, defendant Marion Township adopted the "First Moratorium" on May 1, 2000, which completely prohibits the issuance of any new or additional well permits like the one needed by the plaintiff to irrigate its potato crop. *See id.*, Ex. B. On September 24, 2002, Jerry Jacobs, acting on behalf of the plaintiff, filed an application for an onsite water well permit with the Environmental Health Services Division of the Saginaw County Department of Public Health. *See id.*, Ex. C. On October 8, 2002, Kevin Datte, director of the division, denied the plaintiff's application because of the "moratori[um] prohibiting the installation of new irrigation wells." *See id.*, Ex. D.

The plaintiff, through counsel, appeared before the Marion Township Board of Trustees on January 6, 2003 to request the Board lift the moratorium so that the plaintiff could obtain the necessary permit to drill a well. *Id.* at ¶ 24. On January 20, 2003, the board adopted a "Second Moratorium," which essentially extended the earlier moratorium on the drilling of new irrigation wells until February 1, 2005. *See id.*, Ex. E.

On April 7, 2003, the plaintiff filed a complaint in this Court alleging that the defendants violated its rights to equal protection of the law under 42 U.S.C. § 1983 (Count I), the defendants violated its procedural due process rights under 42 U.S.C. § 1983 (Count II), the defendants violated its substantive due process rights under 42 U.S.C. § 1983 (Count III), and the defendants violated its rights under the Fifth and Fourteenth Amendments by unlawfully taking its private property without just compensation (Count IV). The plaintiff seeks, among other things, a declaration that the moratorium and its extension are unconstitutional.

On April 28, 2003, defendant Marion Township filed its motion to dismiss on jurisdictional grounds, as previously mentioned, and its answer to the complaint. The plaintiff has filed an answer to the motion, and the defendant has filed a reply. The other defendants, Saginaw County Department of Public Health and Kevin Datte, filed their answer to the complaint on May 1, 2003. These defendants have not joined defendant Marion Township's motion. The Court heard arguments from the parties through their respective counsel in open court on August 27, 2003, and the motion is now ready for decision.

___

answer to the defendant's motion to dismiss, the plaintiff states that it made a "typographi-

cal" error and that in reality it is a "co-partnership."

## II.

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or in a motion. Fed.R.Civ.P. 12(b)(1); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (holding that to survive a motion to dismiss, a complaint must contain "either direct or indirect allegations respecting all material elements to sustain a recovery under some viable legal theory"). "Where subject matter jurisdiction is challenged pursuant to [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir.2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)). It is the plaintiff's obligation to show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'" *Michigan S. R.R. Co.*, 287 F.3d at 573 (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996)).

### A. *Standing*

As noted above, defendant Marion Township contends that this Court lacks subject matter jurisdiction because the plaintiff lacks standing to sue, and the controversy is not ripe for adjudication. *See* U.S. Const., art. III § 2 (limiting the "judicial power of the United States" to actual "cases" and "controversies"). Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). "The Supreme Court has stated that the standing requirement limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'" *Coal Operators and Associates, Inc. v. Babbitt*, 291 F.3d 912, 915–16 (6th Cir.2002) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). "To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Coal Operators*, 291 F.3d at 916. Thus, the constitutional requirements for standing include proof of injury in fact, causation, and redressability. *Ibid.*

In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing restrictions. *See id.* First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499, 95 S.Ct. 2197 (citations omitted). Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. *Coal Operators*, 291 F.3d at 916 (citing *Valley Forge*, 454 U.S. at 474–75, 102 S.Ct. 752). Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *Ibid.* "These additional restrictions enforce the principle that, 'as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.'" *Coal Operators*, 291 F.3d at 916 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir.1991)).

"A plaintiff bears the burden of demonstrating standing and must plead its

components with specificity." *Coal Operators*, 291 F.3d at 916.

■ The plaintiff in this case has alleged in its complaint that the defendants' refusal to issue a permit to drill an irrigation well, consistent with the strictures of the moratorium, prevents it from enjoying the benefits of its contract allowing it to grow potatoes on the subject property. A fair inference drawn from the complaint's allegations is that absent the ability to drill a well to irrigate its potato crop, the farming agreement is worthless. However, Marion Township contends that the farming agreement is between the Emmendorfers and "Jacob Farms," and does not mention the plaintiff. Although the agreement is signed "V. Jacobs & Sons Jerry Jacob," the text of the agreement references Jacob Farms three times without ever mentioning the plaintiff. Furthermore, although the plaintiff alleges that the well permit application was filed by Jerry Jacob on behalf of the plaintiff, the application is signed by Jerry Jacob with no reference to the plaintiff. Indeed, the letter denying the application is sent to Jerry Jacob individually and makes no reference to the plaintiff. Therefore, the defendant contends, the plaintiff has failed to allege any "injury personal to it," or any "distinct and palpable injury to itself."

The Court finds that the plaintiff has satisfied its burden of demonstrating that it has standing. The plaintiff has alleged in its complaint that it has "suffered some actual or threatened injury" due to the defendant's moratorium on drilling. Moreover, the plaintiff has shown that the injury is "fairly traceable" to the moratorium because, but for the ban on drilling, the plaintiff likely would not be prevented from drilling an irrigation well. Moreover, if the moratorium is declared unconstitutional, then the plaintiff will likely not suffer any further injury.

Furthermore, the plaintiff has satisfied the prudential standing requirements. The plaintiff alleges that it is asserting its own legal rights and interests because it executed the farm agreement, unsuccessfully sought a well permit, and unsuccessfully sought to lift the moratorium against drilling. The plaintiff has also shown that this complaint is more than a "generalized grievance" because it has been personally affected by the moratorium.

Furthermore, based on the plaintiff's response to the motion, the Court is satisfied that the plaintiff, V. Jacobs & Sons, is not attempting to assert the rights of another person. Although there might have been some confusion regarding whether the plaintiff or some other entity or person was applying for the well permit, the plaintiff clarified the facts in the affidavit of Gerald Jacobs, in which he avers that he "executed the Farm Agreement on January 6, 2001 as agent for V. Jacobs & Sons Partnership" in his role as a co-partner. Pl.'s Resp. Br., Ex. B. The complaint ought to be amended to incorporate those facts stated in the affidavit, and the Court has directed the plaintiff to do so. Nonetheless, the Court finds that the plaintiff has suffered actual injury, so that the requirement of an actual controversy contained in Article III is satisfied.

### B. *Ripeness*

Marion Township also contends that this Court lacks subject matter jurisdiction because the plaintiff's claims, especially the claims based on a "taking" theory, are not ripe for review, citing *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In that case, the Supreme Court held that a Fifth Amendment taking claim is not ripe for adjudication until "the government entity charged with implementing the regulations has reached a final decision regard-

ing the application of the regulations to the property at issue." In *Montgomery v. Carter County, Tennessee,* 226 F.3d 758, 765 (6th Cir.2000), the Sixth Circuit stated that "the holding of *Williamson County,* therefore, is that takings claims do not ripen in zoning cases until (1) there has been a final decision by the relevant state decision maker and (2) the property owner has utilized appropriate state inverse condemnation procedures." The defendant insists that the plaintiff has failed to allege that it has received any final determination from the Department of Public Health or Marion Township. Although, the plaintiff states in its complaint that it appeared before the Marion Township Board to request that the board lift the moratorium, it does not state that the township rendered any decision regarding the request. Marion Township also contends that the plaintiff's claims are speculative, since the complaint merely alleges that the lack of proper irrigation "might" result in its inability to fulfill its contractual obligations. Finally, according to Marion Township, the plaintiff has also failed to allege that it utilized appropriate state law inverse condemnation procedures before seeking relief in federal court.

 The plaintiff points to the distinction that the law recognizes in the treatment of facial, compared to "as applied," challenges to land use rules that restrict the rights of property owners. That distinction has been clearly established in condemnation jurisprudence. Thus, although the government may regulate land use under its police powers, the Fifth Amendment requires that governmental action that places a burden on an individual's property, which in fairness the entire community should share, constitutes a taking and the government must compensate the property owner for the loss. *See PruneYard Shopping Center v. Robins,* 447 U.S. 74, 83, 100 S.Ct. 2035, 64 L.Ed.2d

741 (1980); *Amen v. City of Dearborn,* 718 F.2d 789, 794 (6th Cir.1983).

> In cases where plaintiff claims that the zoning is so stringent as to constitute a taking without just compensation, the Supreme Court requires what amounts to exhaustion of state judicial remedies, including the bringing of an inverse condemnation action, if the state affords such a remedy. A deprivation of economic viability of the property is also a prerequisite for bringing such an action. The rationale for these requirements in taking cases is that the federal court cannot know what has been taken or what compensation has been afforded until state remedies have been utilized. Until that time, the federal court cannot determine whether a taking has occurred, whether compensation is due, or, if it has been afforded, whether it is just. These prerequisites are not technically an exhaustion requirement, but a product of the ripeness doctrine.

*Pearson v. City of Grand Blanc,* 961 F.2d 1211, 1214–15 (6th Cir.1992) (internal citations and quotations omitted). However, when the plaintiff is claiming that he was subjected to arbitrary and capricious state action in the denial of his request to change a "zoning" determination and thus deprived of "substantive due process of law," the plaintiff is challenging the "very existence of an allegedly unlawful zoning action," which makes a "substantive due process claim ripe for federal jurisdiction." *Id.* at 1215 (citing *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 893 (6th Cir.1991)).

 Stated another way, a facial challenge alleges that the mere existence and threatened enforcement of a land use rule materially and adversely affects land values and curtails opportunities of all property regulated in the market. *Beacon Hill Farm Associates II Ltd. Partnership*

*v. Loudoun County Bd. of Sup'rs,* 875 F.2d 1081, 1083 (4th Cir.1989) (quoting *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 386, 47 S.Ct. 114, 71 L.Ed. 303 (1926)); *see Keystone Bituminous Coal Ass'n v. DeBenedictis,* 480 U.S. 470, 495, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987); *Environmental Protection Agency v. National Crushed Stone Ass'n,* 449 U.S. 64, 101 S.Ct. 295, 66 L.Ed.2d 268 (1980). An "as applied" challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual application of the rule to a particular parcel of land or landowner. *Beacon Hill,* 875 F.2d at 1083 (quoting *Euclid,* 272 U.S. at 386, 47 S.Ct. 114); *see National Rifle Ass'n of America v. Magaw,* 132 F.3d 272, 285 (6th Cir. 1997). A challenge to the validity of an ordinance "as applied," whether analyzed under 42 U.S.C. § 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality, which is concerned with whether the government entity charged with implementing the ordinance has reached a final decision regarding the application of the ordinance to the property at issue. *See Williamson,* 473 U.S. at 186, 105 S.Ct. 3108; *Paragon Properties Co. v. City of Novi,* 452 Mich. 568, 576–77, 550 N.W.2d 772, 775 (1996). A facial challenge to the validity of an ordinance, however, is not subject to the rule of finality because such challenges attack the very existence or enactment of the ordinance itself. *See Beacon Hill,* 875 F.2d at 1083; *Stupak–Thrall v. United States,* 89 F.3d 1269, 1276 n. 7 (6th Cir. 1996).

▮▮▮ The Court believes that the plaintiff's complaint fairly can be read to assert a facial challenge to the well-drilling moratorium. Indeed, in its response to the motion, that is precisely what the plaintiff claims. "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). Here, the plaintiff is challenging the mere existence of the moratorium on well drilling that is adversely affecting the value of the plaintiff's investment in property leased to grow potatoes. The plaintiff alleges that "[b]y the language of the Moratori[um] and the actions of the Defendants, the Moratori[um has] been adopted for the improper purpose of implementing a de facto ban on all irrigation well permit applications in an arbitrary and capricious manner." Compl., at ¶ 32. Thus, the plaintiff is stating a substantive due process claim and, according to *Pearson,* the claim is ripe for review. The plaintiff's procedural due process claim is also ripe for review. *See Nasierowski,* 949 F.2d at 894 (finding that "a procedural due process claim is instantly cognizable in federal court without requiring a final decision on a proposed development from the responsible municipal agency").

In addition to its substantive and procedural due process claims, the plaintiff states an equal protection claim, and a "taking" claim under the Fifth and Fourteenth Amendments. The plaintiff would be required to "exhaust" state remedies for these claims, *see Seguin v. City of Sterling Heights,* 968 F.2d 584, 589; however, if the plaintiff, as it states in its answer to the defendant's motion, is only bringing a "facial" challenge to the moratorium, then the complaint should be amended to so indicate, and the plaintiff will not be required to "exhaust" his state remedies since such a claim is ripe for a decision. *See Beacon Hill,* 875 F.2d at 1083. It is apparent, however, that an "as applied" challenge is not ripe for adjudication.

## III.

The Court finds that the plaintiff has standing to bring its claims, and that the plaintiff's facial challenge to the well-drilling moratorium is ripe for adjudication. However, since the defendants are entitled to fair notice of the claims they are called upon to defend, the plaintiff is directed to amend its pleadings to clarify its claims and the identity of the aggrieved party.

Accordingly, it is **ORDERED** that the motion by defendant Marion Township to dismiss for lack of subject matter jurisdiction [dkt # 11] is **DENIED.**

It is further **ORDERED** that the plaintiff shall file an amended complaint clarifying the matters noted above in accordance with the timetable set forth in the Case Management and Scheduling Order previously entered by this Court.