**CHEMICAL WEAPONS WORKING, GROUP, INC., Sierra Club, and Vietnam Veterans of America Foundation, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF THE ARMY, United States Department of Defense, and EG&G Defense Materials, Inc., Defendants.**

No. Civ.2:96–CV–0425C.

United States District Court,
D. Utah,
Central Division.

Oct. 14, 1997.

for Dept. of the Army and U.S. Dept. of Defense.

David Tundermann, Michael A. Zody, Craig D. Galli, Parsons, Behle & Latimer, Salt Lake City, UT, for EG&G Defense Material.

## ORDER

CAMPBELL, District Judge.

This matter is before the court on defendant EG&G's motion to dismiss Count 10. Because the defendant has submitted matters in support of its motion that are outside the pleadings, the court shall treat this motion as one for summary judgment. F.R.C.P. 12(c). Having determined that oral argument would not materially assist in the resolution of this matter, DUCivR7–1(f), the court now enters the following order based upon the submissions of the parties and applicable legal authority:

### Background

On or about June 18, 1996, the Utah Division of Solid & Hazardous Waste (the "Division") added EG&G as a co-permittee to the Department of the Army's license to operate the Tooele Chemical Demilitarization Facility ("TOCDF").

On July 18, 1996, the plaintiffs in this action petitioned the Utah Solid and Hazardous Waste Control Board (the "Board") to reverse the Division's action. Plaintiffs alleged, among other things, that EG&G had violated 42 U.S.C. § 6925 and Utah Code Ann. § 19–6–108(3)(a) by operating TOCDF from 1989 to 1996 without the necessary permits. In light of this long history of alleged noncompliance, plaintiffs argued that it was arbitrary and capricious for the Division to approve EG&G as a co-permittee in 1996.

Between March 18 and April 17 of this year, the Board heard approximately 22 hours of testimony and argument on this matter. At these hearings, plaintiffs had an opportunity to examine personnel from the Division who were responsible for the decision to add EG&G as a co-permittee on the Army's license.

Paul Van Dam, Jones, Waldo, Holbrook & McDonough, Salt Lake City, UT, Randall M. Weiner, Land and Water Fund of the Rockies, Boulder, CO, Mick G. Harrison, Robert Ukeiley, Ashley Schannauer, Greenlaw, Inc., Bloomington, IN, Robert Guild, Columbia, SC, Richard Condit, Washington, DC, for Plaintiffs.

Stephen L. Roth, Asst. U.S. Atty., Salt Lake City, UT, Lisa Ann Holden, U.S. Dept. of Justice, Environmental & Nat. Resources Div., Washington, DC, Alan David Greenberg, Robert H. Foster, U.S. Dept. of Justice, Environmental Defense, Denver, CO,

Following the hearing, plaintiffs submitted proposed findings of fact and conclusions of law. These proposed findings supported plaintiffs' contention that the Division had acted capriciously when it "add[ed] EG&G to the TOCDF permit as an operator late in the game, after EG&G had operated TOCDF without a permit for a substantial period of time." Plaintiffs also requested that "the Board ... suspend approvals for agent operations until the Army can make changes in ... [its] operator...." (Petitioners' Post-Hearing Brief and Proposed Findings of Fact and Conclusions of Law at 1–2.)

On July 22, 1997, the Board issued its findings of fact and conclusions of law. The first finding of fact by the Board reads in relevant part as follows:

> 1. When the Executive Secretary ... approved a hazardous waste facility operation plan ... for the [TOCDF] in 1989, he issued the permit to the Tooele Army Depot as owner and operator. Since the army had ultimate responsibility for ownership and operation of the facility, the Executive Secretary properly determined that EG&G need not be included in the permit as a co-permittee.

The first conclusion of law reads in relevant part as follows:

> 1. In approving the permit in 1989, the Executive Secretary acted in accordance with applicable rules and statutes, and acted in a manner that was appropriate and timely. The Board recognizes that it is not unusual for a hazardous waste facility to have subcontractors or contractors participating in operating the facility. The existence of such contractors does not necessarily mean they are "operators" of the facility within the meaning of the Utah Solid and Hazardous Waste Act and rules issued thereunder. As the Army had ultimate responsibility for ownership and operation of the facility, the Executive Secretary properly determined that EG&G, a contractor for the Army, need not be included in the permit as co-permittee.

(Board Order at 2, 9). Based upon these findings of fact and conclusions of law, the Board determined that the Division's decision to add EG&G as a co-permittee on the Army's license in 1996 was neither arbitrary or capricious.

## Discussion

■ The defendant, EG&G, seeks summary judgment on the ground that the legal and factual issues raised by the plaintiffs in Count 10 have already been decided by State of Utah Solid and Hazardous Waste Control Board ("Board"). According to EG&G, under the principles of collateral estoppel, the Board's decision bars litigation of Count 10 in this court. This court must give preclusive effect to the Board's decision if it would be accorded such effect by the courts of Utah, the state of its origin. *Saavedra v. City of Albuquerque,* 73 F.3d 1525, 1534–35 (10th Cir.1996).

The Utah Supreme Court has held that the following elements must be satisfied before a party may be collaterally estopped from relitigating issues already decided in another forum:

> (1) The issue decided in the prior adjudication must be identical to the one presented in the action in question; (2) there must be a final judgment on the merits, (3) the party against whom the plea is asserted must be a party in privity with a party to the prior adjudication; and (4) the issue in the first action must be completely, fully, and fairly litigated.

*Career Serv. Review Bd. v. Department of Corrections,* 942 P.2d 933, 938 (Utah 1997) (*citing Searle Bros. v. Searle,* 588 P.2d 689, 691 (Utah 1978)). If those elements are satisfied, however, the Utah courts will give preclusive effect to court judgments and agency decisions alike. *Id.*

### I. *Identity of Issues.*

■ On July 18, 1996, plaintiffs petitioned the Board to revoke EG&G's permit to operate TOCDF. As grounds therefore, plaintiffs stated that EG&G had violated the requirement of Utah Code Ann. § 19–6–108(3)(a) by operating TOCDF without the necessary Division permit from 1989 to 1996.

Count 10 of the plaintiffs' Second Amended Complaint in the present case simply renews plaintiffs' claim before the Board. Count 10 alleges that EG&G violated Utah Code Ann. § 19–6–108(3)(a) by operating TOCDF from 1989 to 1996 without a permit from the Division. (Second Amended Complaint at 53–54.)

Despite the obvious similarity of the claims presented to the Board and to this court, plaintiffs insist that the issues are merely "related," but not identical. First, plaintiffs assert that the question before the Board was whether the Division acted capriciously in adding EG&G to the license as a co-permittee in 1996. Plaintiffs ignore, however, that the Division's decision to add EG&G as a co-permittee would have been capricious only if EG&G had operated TOCDF without the required permit from 1989 to 1996. In resolving plaintiffs' capriciousness claims, therefore, the Board necessarily determined that EG&G was not required to obtain a permit during the 1989–96 period.

Second, plaintiffs argue that even if the Board considered the same state claims that are advanced here, Count 10 also seeks redress for alleged violations of the federal statute, a matter over which the state Board had no jurisdiction. 42 U.S.C. § 6925. With respect to these federal law violations, plaintiffs argue that they cannot be collaterally estopped by the state proceedings.

■ Plaintiffs are correct that exclusive jurisdiction over suits alleging violations of the federal Resource Conservation and Recovery Act is lodged in the federal district courts. 42 U.S.C. § 6972(a). It is equally true, however, that once the Environmental Protection Agency authorized the State of Utah to administer and enforce a hazardous waste program in lieu of the federal program, 49 Fed.Reg. 39693 (Oct. 10, 1984), the federal statute was no longer applicable. *See, e.g., Murray v. Bath Iron Works Corp.,* 867 F.Supp. 33, 42 (D.Me.1994) ("a direct action under section 6972(a)(1)(A) is unavailable where the applicable federal requirements of RCRA have been superseded by an EPA-authorized state hazardous waste program pursuant to 42 U.S.C. § 6926(b)"); *Dague v. City of Burlington,* 732 F.Supp. 458, 465 (D.Vt.1989) ("a plaintiff seeking to challenge the operation of a hazardous waste site in an EPA authorized state may bring an action under state law, not federal law . . ."). Thus, the Board considered the only claims which plaintiffs may actually advance, i.e., those based on state law.

The court therefore finds that the issues presented by Count 10 are identical to those presented to the Board.

## II. *Final Judgment on the Merits.*

■ Plaintiffs argue that so long as the Board's decision may be reversed by the Utah Court of Appeals, the decision is not final for purposes of collateral estoppel. The Tenth Circuit has held to the contrary: "Utah law provides that, unless it is reversed on appeal, a judgment is final for issue preclusion purposes." *Atiya v. Salt Lake County,* 988 F.2d 1013, 1020 (10th Cir.1993). The Tenth Circuit's determination is binding on this court. Therefore, despite the pendency of plaintiffs' appeal, the Board's decision is final for purposes of this motion.

## III. *Identity of Party Against Whom Plea is Asserted.*

Defendant asserts that the plaintiffs in this action were also the plaintiffs in the administrative hearing before the board. Plaintiffs do not dispute this fact.

## IV. *Opportunity for Full and Fair Litigation.*

■ . Utah case law does "not require either a motion or a hearing for full and fair litigation but says only that 'the parties must receive notice under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections.'" *Career Serv. Review Bd.,* 942 P.2d 933, 939 (*quoting Copper State Thrift & Loan v. Bruno,* 735 P.2d 387, 391 (Utah App.1987). *See also, Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 481, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full-faith-and-credit guaranteed by federal law")).

■ Plaintiffs received all the opportunity for full and fair litigation that Utah law or the federal constitution require. In addition to filing various pleadings, plaintiffs were allowed over twelve hours of time to present witnesses. Plaintiffs also conducted cross-examination or voir dire of several witnesses called by EG&G. Although even more time and process might have been desirable from plaintiffs' perspective, the process actually accorded them was sufficient for purposes of the collateral estoppel analysis.

Plaintiffs also argue that they lacked the incentive to litigate fully in front of the Board because the Board could not impose fines or penalties under the federal statute. This contention is without merit. First, as explained above, no court has the power to impose penalties on EG&G under the federal statute; it has been superseded by the state regulatory scheme. Second, had plaintiffs prevailed in front of the state agency, EG&G might well have been ordered to cease its operations at TOCDF. It is hard to conceive, in light of plaintiffs' vigorous efforts to prevent operations at TOCDF (including two preliminary injunction hearings before this court), that the potential halt of test burns at TOCDF did not provide them with adequate incentives to litigate the issue. The court therefore finds that this element of the collateral estoppel test is satisfied.

### Conclusion

Each of the elements necessary for collateral estoppel under Utah law has been satisfied. Plaintiffs are estopped from relitigating the issue of EG&G's licensure in this forum when that question was already decided against them in front of the Board. The court's resolution of this matter makes consideration of defendant's *Burford* abstention argument unnecessary.

Defendant's motion for summary judgment on Count 10 is hereby GRANTED.